IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RUSSELL E. D. ROBINSON, :
:
Petitioner, :
:
vs. : CIVIL ACTION NO.: CV209-150
:
ANTHONY HAYNES, Warden and :
FEDERAL BUREAU OF PRISONS, :
:
Respondents. :

# ORDER

After an independent and *de novo* review of the record, the undersigned concurs in part with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Russell Robinson ("Robinson") asserts that his claim is properly brought under 28 U.S.C. § 2241 and should not have been construed as a civil rights claim.

Robinson asserts that the Magistrate erroneously construed his petition as a civil rights claim. (Doc. No. 11, p. 1). Petitioner says that he is challenging the "regulations" and "manner" in which his sentence is being executed. (Id.). Robinson's assertion that Respondents discriminated against him is an equal protection claim that properly falls within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

However, Robinson's request that he be reclassified at a lesser security level and transferred to Federal Prison Camp can be properly addressed under § 2241. Decisions regarding a petitioner's security classification are a discretionary function of the BOP. Cohen v. United States, 151 F.3d 1338, 1343 (11th. Cir. 1998). Prisoners do not have a constitutionally protected right to be transferred to a particular penal institution. See McKune v. Lile, 536 U.S. 24, 39 (2002).

That portion of Robinson's petition seeking reclassification and transfer is **DENIED**. That portion of his petition alleging discrimination is **DISMISSED**, without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___ day of _____, 2010.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE